IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **MARCUS LAMAR BROWN,** : | |
| : | |
| Petitioner, : | |
| : | |
| V. : | |
| : | NO. 5:24-cv-00065-MTT-CHW |
| **ROBERT ADAMS,** : | |
| : | |
| Respondent. : | |
| : | |

# ORDER

Petitioner Marcus Lamar Brown, who is currently confined in the Jenkins Correctional Center in Millen, Georgia, has filed a 28 U.S.C. § 2254 habeas corpus petition. Pet. for Writ of Habeas Corpus, ECF No. 1. Petitioner has also filed a motion for leave to proceed in this action *in forma pauperis* and a motion to appoint counsel. Mot. to Proceed *In Forma Pauperis*, ECF No. 2; Mot. to Appoint Counsel, ECF No. 4.

As to the motion to proceed *in forma pauperis*, Petitioner's account transaction statement shows that Petitioner had average monthly deposits of $284.33 to his account in the six months before the petition was filed. The filing fee in a habeas corpus case is only $5.00. Because Petitioner's documents suggest that he can pre-pay the filing fee, Petitioner's motion to proceed *in forma pauperis* (ECF No. 2) is **DENIED**. Petitioner shall have **FOURTEEN (14) DAYS** from the date of this order to pay the $5.00 filing fee.

Failure to comply with this order may result in the dismissal of Petitioner's habeas corpus petition. If, however, Petitioner's financial circumstances have changed and he no

longer has funds to pay the amount required, Petitioner may – in lieu of payment – file a renewed motion to proceed *in forma pauperis* with an updated prisoner account statement. In filing a renewed motion, Petitioner must fully explain why he cannot pay the $5.00.

As to the motion for the appointment of counsel, Petitioner asserts that he is illiterate and unable to obtain records that are needed to develop his claims. Mot. to Appoint Counsel 1, ECF No. 4. Generally, there is no right to legal representation in a federal habeas corpus proceeding. *Wright v. West*, 505 U.S. 277, 293 (1992). Appointment of counsel is required in a habeas action if counsel is necessary for effective utilization of discovery procedures or if an evidentiary hearing is required. *See* Rules Governing § 2254 Cases, Rules 6(a) and 8(c). Appointed counsel is also required if the petition is a death row inmate pursuing federal habeas corpus relief. *See, e.g., McFarland v. Scott*, 512 U.S. 849, 854 (1994). The Court is not yet able to determine whether counsel needs to be appointed in this case. Therefore, Petitioner's motion is **DENIED**. If it becomes apparent at some point later in these proceedings that counsel should be appointed for Petitioner, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

There shall be no service of process in this case until further order of the Court.

**SO ORDERED**, this 20th day of March, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
